UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAFIU AJADI ABIMBOLA, | : | |
| | : | |
| Petitioner, | : | NO.  3:04CV856 (MRK) |
| | : | |
| v. | : | |
| | : | |
| TOM RIDGE, et al., | : | |
| | : | |
| Respondents. | : | |

## RULING

Currently pending before the Court are *pro se* Petitioner Rafiu Ajadi Abimbola's two Motions for Reconsideration [docs. ##37, 39] of this Court's Ruling dated March 7, 2005 [doc. #36]. Mr. Abimbola has also filed a new Motion to Proceed *In Forma Pauperis* [doc. #45]. For the reasons stated below, Petitioner's Motions for Reconsideration [docs. ##37, 39] are DENIED, and Petitioner's renewed Motion to Proceed *In Forma Pauperis* [doc. #45] is GRANTED.

**I.**

The standard for granting a motion for reconsideration is strict. *See Shrader v. CSX Transportation Inc.*, 70 F.3d 255, 257 (2d Cir.1995). "Such a motion generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* A "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Horsehead Resource Development Co. v. B.U.S. Environmental Services Inc.*, 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal citations and quotations omitted). Furthermore, a "motion to reconsider should not be granted where the moving

1

party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

## II.

Mr. Abimbola's first Motion for Reconsideration [doc. #37] primarily seeks reconsideration of this Court's ruling on his motion to proceed *in forma pauperis*.[1] However, Mr. Abimbola has also filed a new Motion to Proceed *In Forma Pauperis* [doc. #45], containing his most recent and updated financial information. Having reviewed Mr. Abimbola's new Motion to Proceed *In Forma Pauperis* [doc. #45] and the attached financial affidavit, the Court is satisfied, pursuant to 28 U.S.C. § 1915, that Mr. Abimbola is unable to pay the costs of his appeal. Therefore the Court GRANTS Mr. Abimbola's Motion for Leave to Proceed *In Forma Pauperis* [doc. #45], and DENIES AS MOOT Mr. Abimbola's first Motion for Reconsideration [doc. #37].

## III.

Mr. Abimbola's second Motion for Reconsideration [doc. #39] and Addendum [doc. #38] seek reconsideration of the rest of this Court's Ruling dated March 7, 2005 [doc. #36], *Abimbola v. Ridge*, No. 3:04CV856 (MRK), 2005 WL 588769 (D. Conn. Mar. 7, 2005) ("March 7 Ruling"), on the following grounds: (1) the Court incorrectly determined that Mr. Abimbola was being detained under INA § 241(a), 8 U.S.C. § 1231, when in fact he was detained under INA § 236(c), 8 U.S.C. § 1226(c); and (2) the Court misconstrued the nature of his claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and wrongly attributed his extended detention to him rather than the Government. The Court will address each ground for reconsideration in turn.

---

[1] The supplemental information contained in Mr. Abimbola's first Motion for Reconsideration [doc. #37] and Addendum [doc. #38] will be considered as a part of his second Motion for Reconsideration [#39].

A.	Disposition of Claim Under INA § 236(c)

In its March 7 Ruling [doc. #36], the Court determined that it should not reach Mr. Abimbola's substantive due process challenge to his detention under INA § 236(c), because Mr. Abimbola was in fact being held under § 241(a). *See Abimbola*, 2005 WL 588769 at *1 n.2. On motion for reconsideration, Mr. Abimbola argues that the Court's conclusion about the statutory provision governing his detention was wrong in light of the Second Circuit's decision in *Wang v. Ashcroft*, 320 F. 3d 130, 147 (2d Cir. 2003), a recent case in this district applying *Wang*, *see Milbin v. Ashcroft*, 293 F. Supp. 2d 158, 161 (D. Conn. 2003) (Arterton, J.), and a pre-Wang case from this district anticipating Wang's reasoning, *see Rogowski v. Reno*, 94 F. Supp. 2d 177, 182 (D. Conn. 1999) (Dorsey, J.). Mr. Abimbola asserts that, under *Wang*, a stay of removal has the effect of maintaining the alien in custody under § 236(c) until the court issuing the stay reaches a final decision. Because a stay was in effect at the time of the ruling of this Court challenged here [doc. #36], Mr. Abimbola argues that he was detained under § 236(c) and this Court's conclusion to the contrary was erroneous.

The chief difficulty with Mr. Abimbola's reconsideration request is that even if the Court were to accept his argument that issuance of a stay of removal has the effect of maintaining an alien in custody under § 236(c) until the court issuing the stay reaches a final decision, that would not alter the result. The reason for this is that the stay of removal on which Mr. Abimbola relied in his motion for reconsideration is no longer in effect, the Second Circuit having now issued its mandate in his petition challenging removability. *See* Plaintiff's Reply to Response to Motion to Amend [doc. #47] at 1 ("mandate has been issued in the primary petition challenging removability, and the Supreme Court . . . has declined to stay or recall the Second Circuit's mandate"). Accordingly, Mr. Abimbola

3

is now properly considered detained under INA § 241(a), and his substantive due process challenge to detention under § 236(c) is therefore moot. *See, e.g.*, *Samuel v. I.N.S.*, No. 01CV3413, 2005 WL 120221, at *7 (S.D.N.Y. Jan. 20, 2005) ("Because [Petitioner] now has a final order of removal, he no longer is being detained under the statute he seeks to have declared unconstitutional. 'The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.' ") (quoting *Bankhole v. I.N.S.*, No. 02CV702(EBB), 2002 WL 32002678, at *1 (D. Conn. Aug. 9, 2002)).

Recognizing the mootness problem that the dissolution of the stay poses for his motion for reconsideration, Mr. Abimbola urges the Court to find that his situation falls within the narrow exception to mootness doctrine for cases that are "capable of repetition yet evading review." *See* Plaintiff's Reply to Response to Motion to Amend [doc. #47] at 2. In support of this contention, Mr. Abimbola cites the possibility that one of his remaining petitions before the Second Circuit might lead to the issuance of another stay, and the fact that, although he is subject to a final order of removal, the Government has apparently undertaken to stay its own hand in acting on that order until the Supreme Court decides his cert petition. *See id.* at 3 and Ex. 1. The Court is unconvinced. Even if the Second Circuit were to issue another stay, there is no reason to believe that the issues raised by Mr. Abimbola would evade review. Furthermore, Mr. Abimbola has filed a notice of appeal from this Court's March 7 Ruling [doc. #43], and if the Court erred in that ruling, the Second Circuit will say so and may issue further stays to permit review of his challenge to his detention.

B.   Disposition of *Zadvydas* Claim

Mr. Abimbola also asserts that the Court misconstrued his claim under *Zadvydas* as an objection to the Government's delay in removing him to Nigeria, whereas in fact his complaint was

directed at the "propriety of his continued detention without meaningful review, while litigating the merits of . . . a good faith challenge to his final order of removal." Second Motion for Reconsideration [doc. #39] at 2. Moreover, Mr. Abimbola argues that the Court erroneously relied on the various stays of removal produced by Mr. Abimbola's litigation of the merits of his removal, to justify his "continued detention pending removal," *id.* at 2-3, as a "self-inflicted wound" *id.*, ignoring a six-month period during which his removal was apparently unencumbered by stays, *id.* at 2.

With respect to the question of the six-month unencumbered period, Mr. Abimbola frankly concedes that this issue has been "repeatedly argued to the [C]ourt," *id.* at 7. It is therefore matter for appeal rather than reconsideration by this Court. As to the distinction between a challenge to continued detention and a challenge to delay in removal, either way the key issue is whether the detention is statutorily authorized. The Court considered this question in its March 7 Ruling, and concluded that Mr. Abimbola had not satisfied the *Zadvydas* requirement to "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," *Zadvydas,* 533 U.S. at 701, that is, that "removal was no longer practically attainable," *Demore v. Kim*, 538 U.S. 510, 527 (2003). *See Abimbola*, 2005 WL 588769 at *2-3. The Court's grounds for this conclusion were that Mr. Abimbola's continued detention was in large part attributable to litigation that is under his own control and in any event time-limited, rather than to a more permanent obstacle like the lack of a repatriation agreement in *Zadvydas*. Mr. Abimbola has cited no controlling authority that would necessitate a different result and the Court therefore declines to reconsider its decision in this regard.

5

IT IS SO ORDERED.

/s/    Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: October 15, 2005.**